UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Fredeal Truidalle (#K-79979), | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | No. 11 C 1170 |
| | ) ) | Hon. Joan H. Lefkow |
| Gladyse Taylor, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the water supply at the Stateville Correctional Center is "toxic," undrinkable, and has caused him health problems. This matter is before the court for ruling on the defendants' motion to dismiss the amended complaint for failure to state a claim. For the reasons stated in this order, the motion is denied.

### I. LEGAL STANDARD

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson*

*v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

## II. **FACTS**

The plaintiff is an Illinois state prisoner, confined at the Stateville Correctional Center at all times relevant to this action. Defendant Marcus Hardy is Stateville's warden. Defendant Gladyse Taylor is the acting director of the Illinois Department of Corrections.

The plaintiff alleges the following facts, assumed true for purposes of the motion to dismiss:

Stateville's water is polluted with "dangerous toxins" and "dirty and filthy substances." The water is routinely rusty, brown, and malodorous, looking and smelling like "sewer water." Sometimes the water smells as if it has been over-treated with chlorine.

The plaintiff has filed multiple grievances complaining that the water is dirty, filthy, and unsafe to drink. All of the grievances have been denied, leaving the plaintiff and other inmates with no choice but to drink the water unless they can afford bottled water. Stateville employees and visitors, in contrast, do not drink the water. The prison, along with towns in the Joliet area, issue occasional "boil orders;" however, inmates do not have the capacity to boil their water.

A December 2003 warden's bulletin advised staff and inmates that Stateville's water exceeded maximum allowable levels of radium that year (as set by the federal Environmental Protection Agency). According to the memo, radium in the concentrates present in Stateville's water is linked to bone cancer "in a very small portion of the population." (Warden's Bulletin No. 2003-118, Unmarked Exhibit to the Amended Complaint.) A water fountain was removed from the visiting room; in addition, the warden has expressly directed prison employees not to drink the water.[1]

In the years since the plaintiff has been incarcerated, he has suffered a stroke and a heart attack; he also has gastro-intestinal issues and is currently taking medication for acid reflux disease and high blood pressure.

---

[1] The plaintiff inaccurately states that the memo itself advises the prison staff not to drink the water. To the contrary, the memo states, "This notice is for informational purposes only, and is NOT a notice of immediate hazard to water consumers. Should a hazard exist, immediate notification will be made.... At the levels detected, the short-term risk is minimal and no special precautions need to be taken by the consumer at this time." (Warden's Bulletin No. 2003-118) (emphasis in original).

On November 18, 2010, the plaintiff took his morning medication with tap water. The water was sandy and gritty, as well as "dirty and nasty," and caused a burning sensation in the plaintiff's mouth when he drank it. For the next three days, the plaintiff suffered from diarrhea and stomach pains. The water often burns as it passes through the esophagus.

Since at least the end of December, the water in the plaintiff's cell has come out of the faucet dirty and brown and strongly smelling of chlorine. The chlorine is sometimes so strong that it "burn[s] your stomach" after being drunk.

When a cup or bottle is filled with tap water, particles can be seen floating in the water. A fresh towel that is used merely to dry one's face after washing will turn yellow, with brown spots, after just a week. Simply washing one's face leaves the skin "inflamed and sore" for several hours. After a shower, one's skin is flaky and itches.

The plaintiff has a lump on his scrotum, as well as cysts and moles growing on his body; he attributes the unusual growths to the water. The plaintiff characterizes his situation as effectively being slowly poisoned.

### III. DISCUSSION

Accepting the plaintiff's allegations as true, the court concludes that his amended complaint states a viable Eighth Amendment claim. If the plaintiff can prove that the water at Stateville is unsafe to drink and that the defendants have refused to take remedial action, then the plaintiff may be entitled to relief under the Civil Rights Act.

**A. The Amended Complaint States a Tenable Eighth Amendment Claim**

The Constitution requires correctional officials to house the plaintiff under "humane conditions" and to provide him with adequate food and water, among other basic needs. *Sain v. Budz*, No. 05 C 6394, 2006 WL 539351, *2 (N.D. Ill. Mar. 3, 2006) (Conlon, J.), citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). There is no question that inmates have a constitutional

right to an adequate diet. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). "The state must provide an inmate with a 'healthy, habitable environment.' This includes providing nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *McRoy v. Aramark Correctional Services, Inc.*, 268 Fed. Appx. 479, 482 (7th Cir. 2008), quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citations omitted); *Jubeh v. Dart*, No. 11 C 3873, 2011 WL 6010267, *2 (N.D. Ill. Nov. 29, 2011). A denial of drinkable water, even for a few days, may be actionable. *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011).

The Eighth Amendment, furthermore, prohibits deliberate indifference to inmates' health and safety. Failure to take reasonable measures in the face of a substantial risk of serious harm violates the Constitution. *Farmer v. Brennan*, 511 U.S. 825, 845 (1994); *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Prison officials violate an inmate's constitutional rights in conditions-of-confinement cases where the alleged deprivation is "sufficiently serious" (the objective standard) and (2) the officials act with deliberate indifference (the subjective standard). *Farmer*, 511 U.S. at 834; *Lehn v. Holmes*, 364 F.3d 862, 872 (7th Cir. 2004). In the case at bar, the plaintiff's allegations satisfy both prongs.

With regard to the objective standard, a plaintiff must show that the challenged conditions of confinement are objectively so serious as to amount to the denial of a basic human need. *Farmer*, 511 U.S. at 834. In *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999), an inmate at the Tamms Correctional Center filed a civil rights action charging that there was lead in the prison's drinking water. The district court dismissed the complaint pursuant to 42 U.S.C. § 1997e(e) based on a lack of physical injury.[2] The U.S. Court of Appeals for the Seventh Circuit

---

[2]The lower court's decision is unpublished and the *Robinson* opinion does not indicate whether the dismissal was *sua sponte* or pursuant to a 12(b)(6) motion.

reversed the dismissal of that case, ruling that the inmate did not have to show present physical injury to proceed on his lawsuit. Similarly, in *Helling v. McKinney*, 509 U.S. 25, 33 (1993), a case concerning an inmate's exposure to environmental tobacco smoke, the Supreme Court observed:

> This was one of the prison conditions for which the Eighth Amendment required a remedy, even though it was not alleged that the likely harm would occur immediately and even though the possible infection might not affect all of those exposed. **We would think that a prison inmate also could successfully complain about demonstrably unsafe drinking water without waiting for an attack of dysentery.**

509 U.S. at 33 (emphasis added). "Poisoning the prison water supply or deliberately inducing cancer in a prisoner would be forms of cruel and unusual punishment, and might be even if the harm was probabilistic or future rather than certain and immediate." *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001), citing *Helling*, 509 U.S. at 33-34.

It should be noted that the plaintiff is not constitutionally entitled to perfectly filtered water. Prison conditions may be "harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997), citing *Farmer, supra*, 511 U.S. at 833-34; *Granville v. Dart*, No. 09 C 2070, 2011 WL 892751, *5 (N.D. Ill. Mar. 11, 2011) (Leinenweber, J.). Substandard living conditions do not necessarily equal unconstitutional conditions. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002) (citations omitted); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

In *Carroll v. DeTella*, 255 F.3d 470 (7th Cir. 2001), the Court of Appeals for this circuit affirmed summary judgment in connection with an earlier prisoner's claim that the drinking water at Stateville was contaminated with radium in excess of EPA standards. The Court of Appeals observed:

> [F]ailing to provide a maximally safe environment, one completely free from pollution or safety hazards is not [a form of cruel and unusual punishment]. Many Americans live under conditions of exposure to various contaminants. The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans.

*Carroll*, 255 F.3d at 472-73. The plaintiff in the instant case seems to acknowledge that the area groundwater has problems with radium, as he notes that towns around Stateville regularly issue "boil orders." *Carroll*, however, (1) was decided at the summary judgment stage, on the basis of a more fully developed record, (2) involved fear of heightened cancer risk, as opposed to the concrete injuries the plaintiff in this case claims to have sustained, and (3) is a ten-year-old case. The *Carroll* decision does not necessarily preclude the instant case.

The plaintiff has also stated facts suggesting deliberate indifference. For liability to attach, a defendant "must both be aware of the facts from which an inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 838; *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). The subjective prong has two subparts: (a) knowledge of the risk, *Brown* at 913, and (b) a disregard of that risk. *Id.* at 916. Although this is a subjective test, it may be proven through circumstantial evidence: "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842 (internal citation omitted). The relevant inquiry is whether correctional officials actually knew about the danger that the plaintiff faced, not whether a reasonable official should have known. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

7

According to the plaintiff, the defendants are aware of serious health concerns associated with Stateville's water and do not allow prison employees or even visitors to drink the water, while inmates have no choice but to drink it. The plaintiff further maintains that the defendants are resisting all requests to rectify the problem (although the warden's 2003 bulletin indicated that the prison was, at that time, investigating different treatment options to reduce radium levels). such allegations are sufficient to state a *prima facie* case of deliberate indifference.

The plaintiff faces a high burden: as the case law reflects, neither negligence nor gross negligence implicates the Constitution. *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (citations omitted); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006), quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998). "[T]he corrections officer must have acted with the equivalent of criminal recklessness." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008), quoting *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). "It is not enough that a reasonable prison official would or should have known that the prisoner was at risk; the official must actually know of and disregard the risk to incur culpability." *Lewis v. Richards*, 107 F.3d 549, 552-53 (7th Cir. 1997) (citing *Farmer*, 511 U.S. at 837-38).

Nevertheless, under the above standards, the court concludes that the complaint sets forth an arguable claim for relief under 42 U.S.C. § 1983. The plaintiff charges, and the court must accept as true at this stage of the proceedings, that the water at Stateville is unsafe to drink. If the plaintiff can prove that the defendants have subjected him to an unreasonable risk of harm, then he may be entitled to damages and/or injunctive relief.

**B. The Plaintiff's Claims Are Not Untimely**

The plaintiff's claims are not barred by the statute of limitations. In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). However, in the case at bar, the "continuing violation" doctrine saves the plaintiff's claims against prison officials. Under that doctrine, where a series of events injure a plaintiff, he can "reach back" to the beginning of the wrong "even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct." *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001).

Here, even though the amended complaint dates back at least ten years, the plaintiff is alleging an ongoing subjection to unsafe water; indeed, the plaintiff specifically emphasizes that the cumulative, long-term effects of Stateville's water are injurious to him. The statute of limitations restarts every day that potable water is withheld. *See Heard*, 253 F.3d at 318 ("Every day that they prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew"). As the plaintiff remains at Stateville and must continue to drink the water, his claims remain actionable. *Contrast Jones v. Feinerman*, No. 09 C 3916, 2011 WL 4501405, *4 (N.D. Sep. 28, 2011) (Chang, J.) (holding that the series of violations ended when the defendant no longer had the power to do take corrective action once the plaintiff was transferred to a different prison). Consequently, the statute of limitations does not bar the plaintiff's claims against Hardy and Taylor.

**C. The Warden and IDOC Director Are Proper Defendants Under the Facts Alleged**

It is true that the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Nevertheless, because the plaintiff's claim involves "potentially systemic," rather than "clearly localized," constitutional violations, the warden and IDOC director may be held to answer for the alleged problems with contaminated water at Stateville. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996); *Lieberman v. Budz*, No. 00 C 5652, 2010 WL 369614, *8 (N.D. Ill. Jan. 28, 2010) (Coar, J.). The global nature of the water issues at Stateville justifies an inference of personal involvement on the part of the prison's warden and the director of the Illinois Department of Corrections. While a more fully developed record may belie the plaintiff's allegations, defendants Hardy and Taylor must respond to the complaint.

**D. Warning to the Plaintiff**

Although the court is accepting the plaintiff's allegations as true for purposes of the motion to dismiss, the plaintiff will have to substantiate his claims in order to survive a motion for summary judgment. In ruling on a motion to dismiss the complaint for failure to state a claim, the court does not make credibility determinations. *See, e.g., Forge Industrial Staffing, Inc. v. De La Fuente*, No. 06 C 3848, 2006 WL 2982139, *4 (N.D. Ill. Oct. 16, 2006) (Manning, J.); *Johnson v. Quinn*, No. 96 C 6598, 1999 WL 116222, at *4 (N.D. Ill. Feb. 26, 1999) (Gettleman, J.). Notwithstanding this constraint, the court notes that the plaintiff at the very least misrepresented the warden's bulletin; moreover, many of his allegations strike the court as wildly exaggerated at best. The plaintiff is advised that Rule 11 of the Federal Rules of Civil Procedure provides for the imposition of sanctions, including monetary fines and/or dismissal, for misrepresentations to the court. *See also Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999); *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011).

## IV. **CONCLUSION**

In sum, the plaintiff's allegations, assumed true, are sufficient to state a cognizable federal claim against prison officials.

For the foregoing reasons, the defendants' motion to dismiss [#22] is denied. The defendants are directed to answer or otherwise plead within twenty-one days of the date of this order.

_____
Joan H. Lefkow
United States District Judge

Date: December 23, 2011